**Holly Anne SIMONE, Plaintiff,**

v.

**Patrick J. MANNING, Defendant.**

**Civil No. 95–1215–FR.**

United States District Court, D. Oregon.

July 18, 1996.

James D. Huegli, James D. Huegli, P.C., Portland, Oregon, for Plaintiff.

Richard J. Kuhn, Ruth Casby Rocker, Schwabe, Williamson & Wyatt, Portland, Oregon, for Defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the defendant's motion for summary judgment (# 11).

### UNDISPUTED FACTS

The plaintiff, Holly Anne Simone, was born on June 21, 1962. The defendant, Patrick J. Manning, was born in 1952. The parties became acquainted in 1972 when Manning and his then wife, Loma, became friends with Simone's father. This friendship continued after the Mannings moved from the State of Oregon to the State of California in 1974.

In 1976, Patrick and Loma Manning separated. Patrick Manning returned to the State of Oregon. Simone was then fourteen years old. She accepted a job as house cleaner for Patrick Manning. On Simone's sixteenth birthday, Manning and Simone engaged in sexual intercourse. Manning and Simone continued to engage in sexual activity until 1985 when Manning moved to the State of California. Their sexual contacts became infrequent. The relationship ended in the spring of 1988 when Simone was twenty-five years old.

On July 25, 1995, Simone filed her complaint against Manning. She alleges that she has suffered severe emotional distress and interference with familial and social relations as a result of her sexual relationship with Manning. Simone alleges that her sexual relationship with Manning has caused her to suffer panic attacks, agoraphobia, an eating disorder, hair loss caused by the birth control pills that she used for a period of four or five months, and the inability to live with anyone, to marry, to have children, or to support herself. Simone seeks non-economic damages, as well as damages for loss of earning capacity, and present and future medical expenses. She also seeks punitive damages.

Simone's treating psychologist states in an affidavit: "In my professional opinion, until this past year, Holly Simone was incapable, based upon the severity of her disability, of discovering the causal connection between the sexual abuse by Mr. Manning and the disabilities and the injuries that she is suffering." Affidavit of Linda Nishi–Strattner, Ph.D, p. 1 (attached as Exhibit B to Plaintiff's Reply to Motion for Summary Judgment.

### CONTENTIONS OF THE PARTIES

Manning argues that Simone had knowledge of the elements of her claim before the year 1994, when her claim was filed. As such, the laws of the State of Oregon bar her claim. Simone contends that while she has known for many years that Manning's practice of rejecting her, dating other women, and not loving her has caused her severe emotional distress, she was unaware until 1994 of the causal relationship between the sexual abuse that she suffered as an adolescent and the dysfunction she suffers as an adult.

### APPLICABLE STANDARD

■ Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party. *British Air-*

*ways Bd. v. Boeing Co.,* 585 F.2d 946, 951 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). This burden "may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The burden shifts to the nonmoving party to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

■ Assuming there has been adequate time for discovery, summary judgment should then be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When different ultimate inferences can be reached, summary judgment is not appropriate. *Sankovich v. Life Ins. Co. of N. Am.,* 638 F.2d 136, 140 (9th Cir.1981). Finally, summary judgment is inappropriate where credibility is at issue. Credibility issues are appropriately resolved only after an evidentiary hearing or full trial. *SEC v. Koracorp Indus.,* 575 F.2d 692, 699 (9th Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).

### ANALYSIS AND RULING

■ O.R.S. 12.117, the statute of limitations for actions based on child abuse, provides, in relevant part:

[A]n action based on conduct that constitutes child abuse or conduct knowingly allowing, permitting or encouraging child abuse accruing while the person who is entitled to bring the action is under 18 years of age shall be commenced not more than six years after that person attains 18 years of age, or if the injured person has not discovered the injury or the causal connection between the injury and the child abuse, nor in the exercise of reason-

 

able care should have discovered the injury or the causal connection between the injury and the child abuse, not more than three years from the date the injured person discovers or in the exercise of reasonable care should have discovered the injury or the causal connection between the child abuse and the injury, whichever period is longer.

Simone had either until her twenty-fourth birthday to file this lawsuit, or she had three years from the date on which she discovered or reasonably should have discovered that she had a cause of action against Manning. Simone argues that her claim for outrageous conduct did not accrue until late 1994, when, at age thirty-three, she connected her long-standing emotional problems with her childhood sexual relationship with Manning.

Examining the facts in the light most favorable to Simone, the court accepts as true for the purpose of this motion Simone's allegation that she did not make the causal connection between her dysfunction as an adult and the childhood sexual abuse by Manning.

O.R.S. 12.117, however, requires the court to further examine whether a person "in the exercise of reasonable care should have discovered the injury or the causal connection between the child abuse and the injury." If a reasonable person would have discovered the injury, the cause of action must be filed within three years of the date that the injury should have been discovered.

Since Simone's emotional problems manifested themselves in ways that appeared unconnected to the sexual abuse by Manning, a jury could reasonably find that a reasonable person with agoraphobia and an eating disorder would not necessarily make the connection between those emotional problems and sexual abuse. While Simone sought counseling from several different sources—from psychologists and teachers—in her teens and early twenties, none of those sessions brought out the issue of childhood sexual abuse. The court finds that a question of fact remains as to whether Simone should have discovered at an earlier time the connection between the sexual abuse by Manning, if any, and her emotional problems.

## CONCLUSION

The motion of Manning for summary judgment (# 11) is denied.